United States District Court        Case No. 302 CV 1629 (JCH)

District of Connecticut

2003 NOV 13  P 12: 46

US DISTRICT COURT
BRIDGEPORT CT

Dick Mattleson                      (Petitioner)

80 Tremont Street

Hartford, Connecticut

06105-3069

AKA dmatt89@yahoo.com

AKA dmatt89


Emile Boyle                         (Respondent)

8354 Forrester Blvd

Springfield, VA

22152

AKA liveride@yahoo.com

AKA liveride


**Petitioner's Settlement Summary and Status Report**

**As of November 7th, 2003**

Now comes Dick Mattleson, the Petitioner, to summarize the settlement status. As of this date, in communicating with the Respondent, the Respondent feels still that he was defrauded. The Respondent feels that a certain sum of $440.00 was stolen from him by the Petitioner. Therefore, the Petitioner and Respondent have different philosophies of thinking which ultimately the Court will examine then make a decision.

The Respondent will settle this case, if no monies are to be paid out as damages. The Respondent feels that his agreement to have the libel removed from Ebay should be sufficient as damages paid in full. The Respondent has "forgiven" the Petitioner. The Petitioner makes note that the reason the Respondent agreed to the removal of the libel is due to the Respondent can not substantiate his comments, not for the ulterior motive of striving for peace and settlement.

The Petitioner has provided the Respondent a proposal good on or before November 14th, 2003. The Petitioner will agree to a settlement for the sum of **$10,000** which is basically the cost of a year's worth of expenses while on Ebay, plus all court costs to date, plus some miscellaneous expenses

i.e. storage. The Petitioner did not receive any answer back from the Respondent as of this writing.

The Petitioner is also exploring whether or not attempted mail fraud has been committed by the Respondent surrounding the handling of the return of the 2nd shipment to him. The Respondent claims he used the U.S. Postal service for the return of merchandise, however, he can not provide any evidence to support this. His waiting 6 weeks after shipping to report his actions to the Petitioner is very suspect. When he sought relief of additional merchandise or refund, and the Petitioner did not comply, the wrath of libel and consequences were delivered.

On November 14, 2003, the Petitioner will show that the Respondent could have easily followed the terms and conditions set forth by the Petitioner, but failed to do so due to lax and irresponsible handling on the part of the Respondent. The Petitioner will demonstrate that 3 times BEFORE the transaction took place, the Respondent was informed in clear easy to understand layman language of the terms and conditions of sale. The Petitioner will then demonstrate that when the 1st shipment was not returned per agreement, and the Petitioner and Respondent agreed to