United States District Court        Case No. 302 CV 1629 (JCH)

District of Connecticut

2004 JAN 13 P 12: 06

US DISTRICT COURT
BRIDGEPORT CT

Dick Mattleson                (Petitioner)

80 Tremont Street

Hartford, Connecticut

06105-3069

AKA dmatt89@yahoo.com

AKA dmatt89

Emile Boyle                   (Respondent)

8354 Forrester Blvd

Springfield, VA

22152

AKA liveride@yahoo.com

AKA liveride

## Motion to Reschedule Second and Final Settlement Hearing

Now comes Dick Mattleson, the Petitioner, to request a change of calendar date, from February 9th, 2004, for the final settlement hearing.  A new Final Settlement Hearing calendar date to be scheduled sometime in mid February 2004, **on a Friday**, to discuss settlement options between the Petitioner and Respondent. Petitioner's motion herein is pursuant to receipt of Respondent's recent January 6th, 2004 motion *REQUEST TO RESCIND OR RESCHEDULE SECOND SETTLEMENT HEARING.*

This request is to better accommodate the Respondent's personal schedule.

Informally, the Petitioner and Respondent were not able to reach a settlement by meeting November 14th, 2003 and will continue to make efforts.  If a settlement is reached by late January 2004, then the Petitioner will alert this U.S. District Court.  A settlement status report will be delivered 5 days before the final settlement scheduled meeting outlining progress from November 14th through the new target date.

For this next settlement meeting, the Petitioner is requesting from the Respondent:

A.   Respondent's version of a Table of Differences.

B.   Respondent's detailed explanation of how he arrived at

the Petitioner stealing $440.00 of his money. When the

Respondent is finished with his explanation, the

Petitioner reserves the right to ask questions upon the

Respondent for purpose of clarity.


During the settlement hearing of November 14th, 2003, the

Petitioner provided his Table of Differences he authored.

The Respondent expressed that he did not agree with some of

the issues, which the Petitioner brought forth in his Table

of Differences.   The Petitioner was not able to learn where

disagreement was.


The objectives that the Petitioner would like to accomplish

for this final Settlement meeting, targeted for mid

February 2004, on a Friday, would be:


1.   A specific understanding of exactly where both parties

disagree.   What both parties are offering to stand

behind their disagreed points.   A reading and

discussion of the Petitioner's Table of Differences.

Then, a reading and discussion of the Respondent's

Table of Differences.  The Petitioner will ask the Respondent to clearly, with details, verbally or in writing, his version of the truth behind his comments authored on EBay AKA libel.  It is the belief of the Petitioner, that Judge Fitzsimmons understands, in theory, what happened.  For this meeting, the Petitioner wants a reasonable explanation of how the Respondent feels the Petitioner stole a certain amount of money, namely $440.00

2.  When all the reading and discussion is finished, there should be a few keys issues which need a court to decide on.  All in attendance will come to agreement of those issues, that is, which issues are being stipulated Vs disputed.

3.  The last objective of this February 2004 Settlement meeting would be a final round of negotiation for settlement.  However, this time, when trying to settle, Judge Fitzsimmons will have specific detailed focused information where the actual dispute lies.  Both Petitioner and Respondent will then be able to clearly/specifically understand only those issues, which need to be resolved outside their hands.  All in attendance will then finally

ask '*Is it worth a trial or can we reach peace and closure with the information we arrived upon*'.

During the Settlement meeting of November 14th, great progress was achieved by letting both parties vent their views.  The Petitioner and Respondent, both, have had time to think.  The Petitioner feels that when trying to negotiate a settlement, without being prepared i.e. learning exactly/specifically where disputes lie, all are at a disadvantage.

If a trial must be scheduled as a last resort, then:

1.  All parties should know exactly/specially why a trial is absolutely necessary.

2.  All parties have truly exhausted all efforts.  Further settlement meetings would be considered a waste of time.

3.  All parties understand fluently what must be done for settlement to happen.  All parties refuse to settle and feel that a trial is the only way to proceed further.

Any information the Respondent needs for discovery should follow the correct procedure outlined within the Federal Rules of Civil Procedure.  The Respondent should indicate what he requests in writing citing the rule(s) if any whether civil procedure of Libel Laws and sign his request. The Petitioner can then understand better.  If the Petitioner feels the request does not serve the correct purpose/application of law, the Petitioner can then put together his written objection providing his argument and cases to back up his objection.  A ruling will then be handed down.  If the ruling handed down is not clear or goes against the research the Petitioner has done on Federal Rules for Civil Procedure or Libel Law, then the Petitioner will have the right to file a petition with the 2nd U.S. Court of Appeals with the Respondent providing his argument in correct procedure.   Or, the Respondent may wish to orally request what he needs during the trial.  The Petitioner will then inquire as to the reason for what is requested addressing which issues at hand to get a clear picture.  If the Petitioner feels the request is not correct for the trial and nature of procedure, he will object citing reasons why for the trial judge to make a ruling.  Or, the Respondent can bring up any issues he may

wish during a possible pro-trial appeal process should a

ruling go in favor of the Petitioner.

Richard P. Mattleson

JanuARY 12th 2004

Mailed, postage prepaid, this Monday January 12th, 2004

from Hartford, Connecticut:


Clerk of the Court

U.S. District Court

District of Connecticut

Bridgeport, Connecticut


Emile Boyle

8354 Forrester Blvd

Springfield, VA

22152


The Honorable Holly B. Fitzsimmons

Magistrate U.S. District Court

Bridgeport, Connecticut


*Richard F. Mattleson*

*January 12th 2004.*