United States District Court        Case No. F302-cv-1629 (JCH)

District of Connecticut

2004 FEB -5  P 12: 18

US DIST...

Dick Mattleson            (Petitioner)

80 Tremont Street

Hartford, Connecticut

06105-3069

AKA dmatt89@yahoo.com

AKA dmatt89


Emile Boyle              (Respondent)

8354 Forrester Blvd

Springfield, VA

22152

AKA liveride@yahoo.com

AKA liveride


**Petitioner's Historical Summary and Status Report as**

**of February 1st, 2004**

Now comes Dick Mattleson, the Petitioner, to summarize this case. As of February 1st, 2004, in communicating with the Respondent, the Respondent feels still that he was defrauded. The Respondent feels that a certain sum of $440.00 was stolen from him by the Petitioner. Therefore, the Petitioner and Respondent have different philosophies of thinking which ultimately the Court will examine then make a decision. The 2nd Settlement Conference should provide key issues of disagreement, otherwise unknown, which can then be further discussed and reviewed by Judge Fitzsimmons. After understanding fully the point by point, line by line issues, Judge Fitzsimmons may be able to offer certain helpful suggestions because much greater information will be available.

When the Respondent authored his libel onto Ebay in January 2002, the Petitioner communicated with the Respondent immediately. Without reaching any kind of success in the removal of the libel, the Petitioner filed a Small Claims petition. The Small Claims petition was dismissed on the grounds that this lower branch court is not equipped to handle U.S. Constitutional matters or damages exceeding $3,000. In the Summer of 2002, the Petitioner communicated with the Respondent without success over a period of 90

days, which lead to a filing of a lawsuit in U.S. District Court in September 2002 seeking relief.

Between September 2002 and June 2003, the court was in gathering information mode. After presenting evidence to satisfy the $75,000 benchmark, in order to enter into a Federal matter, the Petitioner filed a motion requesting the temporary removal of the libel while the case is being reviewed then decided, on the grounds that the libel was not true. The Petitioner could demonstrate that the Respondent could not substantiate his libelous remarks. The court confronted the Respondent asking why this request should not be approved. The Respondent's answer was that at this time, June 2003, he was willing to "forgive" the Petitioner for stealing his money. That, the Respondent did not object for the removal of the libel in a one page answer.

The court then issued a ruling that Ebay was ordered to remove the libel. So, at this time the Petitioner was successful in removing the libel. But, the Respondent still believes that he is not to blame for violating the Petitioner's 1st and 6th Amendment rights to the Constitution.

After the Court made the ruling of the removal of the libel, the Petitioner communicated again with the Respondent for his thoughts to bring this case to closure. The Respondent continues to feel that he was defrauded, as of February 1st, 2004, that his money was stolen, that his actions were 100% correct in placing the libel onto Ebay. When asked why he feels this way, the Respondent can not support why or show his proof or demonstrate the truth to his remarks.  The Respondent provides a vague non-supportive response that he had his money stolen, that is ripped out from the Petitioner.

Communication is good now between the Petitioner and Respondent.

But, in order to break through and reach either closure or exhaust all efforts, a 2nd Settlement Conference would be very appropriate.  The 1st Settlement Conference, on November 14th, 2003, was a very good meeting, but the parties did not reach a settlement due to lack of being focused, in the opinion of the Petitioner.  In the 2nd Settlement Conference the parties will be focused to come to realize what exactly is necessary to bring this case to

a peaceful closure, or, know with certainty that only a judge can decide the issues and the not the parties involved.

Hence, the Petitioner and the Respondent still disagree as of February 1st, 2004, but on what is unknown.

So far, the court has not granted Summary Judgement in favor of the Petitioner because in his Motions for Summary Judgement, he lacked a legal memorandum of support. The Petitioner received the notice that this case was transferred to the Honorable Holly B. Fitzsimmons for a Settlement Conference. The Petitioner is ready for the Pre-Trial and Trial Phase which is scheduled for the end of February and mid March respectively.

## As of February 1st, 2004

*To dismiss this matter the Petitioner wants*:

   1.  $10,000, which represents the listing charges for 1 year going back to Ebay. The Petitioner estimates that he will need somewhere between 2 to 3 years of rebuilding

time to bring his activity back to where it was prior to the libel placement.

   **OR**

   2.  $3,000 which represents double the Petitioner's court fees and expenses involved in litigating this matter over the past 2 years, going on 3 years. PLUS a court order which directs EBAY to freeze the Respondent's account from buying or selling for a period of 3 years.  I selected 3 years as that is really the time involved that the Petitioner was not able to use his account of EBAY because of the libel placed.


## Respondent's view as of February 1st, 2004

   1.  The Respondent is willing to purchase a money order in the amount of $200.00 for complete settlement of this matter.  How or where this figure of $200.00 is coming from when asked is unknown.  This figure was discussed during our November 14th, 2004 1st Settlement Conference.

   **OR**

   2.  The Respondent is willing to be frozen off EBAY for a period of 3 years by itself as an offering of settlement.  But not to pay any money as he feels that he has been ripped off, the Respondent's words.

*Richard F. Matteson*
*Feb 2, 2004*

Courtesy e-mailed February 1st, 2004 to:

-Judge Fitzsimmons Chambers

-Emile Boyle


Mailed postage prepaid this **Monday February 2nd, 2004** from Hartford, Connecticut:

Clerk of the Court

U.S. District Court

District of Connecticut

Bridgeport, Connecticut


Emile Boyle

8354 Forrester Blvd

Springfield, VA

22152


The Honorable Holly B. Fitzsimmons

Magistrate U.S. District Court

Bridgeport, Connecticut

*Richard P. Matteson*
*Feb 2, 2004*