United States District Court     Case No. 302 CV 1629 (JCH)

District of Connecticut

2004 FEB 26  P 2: 17


Dick Mattleson            (Petitioner)

80 Tremont Street

Hartford, Connecticut

06105-3069

AKA dmatt89@yahoo.com

AKA dmatt89



Emile Boyle              (Respondent)

8354 Forrester Blvd

Springfield, VA

22152

AKA liveride@yahoo.com

AKA liveride


**Petitioner's Memorandum for Pre-Trial**


Now comes Dick Mattleson, the Petitioner, to file his Memorandum of Pre-Trial. The Petitioner apologizes for

late delivery due to his continued legal research on discovery issues. After exhaustive legal research, the Petitioner can now state that Judge Fitzsimmons erred during the Settlement Conferences in the pursuit of discovery. The Petitioner was not able to find any Federal or State cases which support where a Petitioner must prove financial loss or provide income tax statements. Rather, Courts generally held that when a Petitioner files a complaint, it is taken that a loss has occurred. The Court then reviewed the PERPONDERENCE OF EVIDENCE provided by the Petitioner and comes to a reasonable award.

Due to this research, the Petitioner is asking that the very first order of business during Pre-Trial would be the ruling of whether to grant or deny the Respondent's Motion of Dismissal under Rule 41(B) for failure to comply.

The Petitioner asks again that the Respondent's Motion for Dismissal under Rule 41(B) be denied on the grounds that there are no cases to support the Motion being granted.

When the Respondent first showed an interest in seeing the Income Tax Returns of the Petitioner, Judge Fitzsimmons should have researched this to see if this was revelant

EVIDENCE

~~evidence~~ evidence within a libel case. Judge Fitzsimmons would have come to the conclusion that the Petitioner is not obligated to PROVE-BEYOND-A-REASONABLE-DOUBT his financial losses. So the conference telephone calls and Judge Fitzsimmon' ruling ordering the Petitioner to produce was not proper, according to the legal research spent by the Petitioner.

If the Court allows the Petitioner to proceed then his Trial will be as follows:

1. What is Ebay, How people use the on-line auction service. Definition of feedback. Why feedback works if it is truthful and harmful if it not. Who has the right to EBAY feedback priviledges and who does not. Explain what "dealing direct" means VS "dealing through EBAY".

2. Show completely the records, listings, customers files and expenses related to Petitioner's activity on-line for a 14 month period leading up to the placement of the Libel. The 14 month benchmark should allow the Court to have a good idea of the volumne and sales activity. Explain in detail how a credit card transaction is done and money is actually transferred.

3. A complete explanation of how the Respondent and the Petition met on-line through Ebay.

4. Explain the transaction through e-mail records. What was agreed to. Complete detail on TERMS and CONDITIONS of sale being offered by the Petitioner.

5. Show, through UPS records, the acceptance of the 1st delivery of agreed goods onto the Respondent. The Respondent communicating his opinion with the Petitioner responsibily acknowledging receipt of e-mail opinions of Respondent. Showing that UPS shipping agents were 2 miles from the Respondent's home address with offices open 7 days a week for convenience. Showing that the Respondent returned some merchandise back from the 1st shipment and kept some merchandise. The Petitioner will show that he gave store credit due to merchandise delivered late outside the TERMS and CONDITIONS of SALE agreed upon. Both agreed a 2nd shipment was in order. The Petitioner shipped a 2nd shipment unto the Respondent showing good delivery by UPS records.

6. For 6 weeks after the delivery of the 2nd (replacement) shipment, the Petitioner remained silent. The Petitioner will show that during the 6 week period, the Respondent was involved in 26 deals, through EBAY

transaction feedback records, for his own personal private account.

7. At the end of the 6th week, the Respondent finally e-mailed the Petitioner asking if his return shipment arrived yet. Confused, the Petitioner asked for tracking information, delivery receipts, or what was shipped back. The Respondent did not have tracking information, delivery confirmation, not any receipt to show he shipped back merchandise from the 2nd shipment. The Petitioner investigated the best he could and found discrepancy within his backinventory. After 2 weeks of e-mailing, in reseaching this return claimed by the Respondent, the Petitioner made a decision to deny refund or replacement of merchandise due to non-reciept of any of the 2nd shipment back and Respondent's silence over the period of 6 weeks.

8. The decision of denial unto the Respondent was on or about December 10, 2001. The Respondent could have disputed the entire transaction through his credit card company but chose not to without a reason given. The Respondent could have filed a fraud report with a law enforcement department for fraud, but chose not to. The Respondent could have filed a fraud report with a trade agency, but chose not to without a reason given.

The Respondent could have filed a fraud report with the FBI or U.S. Attorneys office, but chose not to, without a reason why.

9. What the Respondent did was place a BOGUS bid on a suit for sale by the Petitioner, not to purchase said suit, but to gain entry into EBAY's feedback section. The Petitioner will then explain the motive behind why the Respondent placed his aggravated malice Libel which ultimately placed the Petitioner in Peril.

10. DEFINITION OF WHAT Libel is. DEFINITION of Aggravated Malice - How they Apply to this CASE.

WITNESSES

The Petitioner may call an employee of the United States Postal Service to this trial to show how a parcel is accepted, the questions asked of a patron, and the choices of services offered by the Postal service. The USPS employee will vouch that all transactions are receipted. This is to show that the Respondent did not follow the return procedures set forth by the Petitioner.

EQUIPMENT AND SCREENS

Depending on the knowledge and depth on internet trading activity and mens clothing, which will be asked during the Pre-trial, the Peitioner can set up a PC with overhead screening or simply a PC for the purpose of demonstration

of coming onto EBAY, showing examples of feedback, showing the Petitioner's present selling activity and how the public reaches him.

*Richard F. Matteson*
Feb 24, 2004

Mailed postage prepaid this ~~Friday~~ TUESDAY (pm) February 24th, 2004 from Hartford, Connecticut:

Clerk of the Court

U.S. District Court

District of Connecticut

Bridgeport, Connecticut


Emile Boyle

8354 Forrester Blvd

Springfield, VA

22152


The Honorable Holly B. Fitzsimmons

Magistrate U.S. District Court

Bridgeport, Connecticut


*Richard P. Mattleson*

Feb 24, 04