United States District Court    Case No. 302 CV 1629 (JCH)

District of Connecticut

Dick Mattleson              (Petitioner)

80 Tremont Street

Hartford, Connecticut

06105-3069

AKA dmatt89@yahoo.com

AKA dmatt89


Emile Boyle                 (Respondent)

8354 Forrester Blvd

Springfield, VA

22152

AKA liveride@yahoo.com

AKA liveride


**Petitioner's Opposition to Respondent's Motion of**

**Dismissal under Rule 41(B)**

Now comes Dick Mattleson, the Petitioner, to make known his objection to the recent motion filed by the Respondent titled *MOVE TO DISMISS FOR FAILURE TO COMPLY*.

**LEGAL ARGUMENT**

This Civil Complaint, Case No. 302 CV 1629 (JCH), involves both 1st Amendment and 6th Amendment right issues. The Respondent never followed Rule 34(a) or 34(b) of the Federal Rules for Civil Procedure. The request to see certain documents was done casually, verbally within the scope of settlement conferences, while under the direction of Judge Fitzsimmons. When the Petitioner asked for the reason behind the request, the Respondent refused to state why he was requesting Income Tax Statements for years 1999, 2000, 2001. For 3 months, no written discovery request came forth following procedure even though the Petitioner asked that the Respondent follow the Federal Rules for Civil Procedure. Repeatedly, during settlement conferences, in person, through e-mail, and via telephone, the Petitioner requested that the Federal Rules for Civil Procedure be followed.

Under a Civil Complaint, the Petitioner is only obligated to produce that evidence which supports a PREPONDERANCE OF THE EVIDENCE. So without a written discovery request, following the procedure of the Federal Rules of Civil Procedure, the Petitioner could not ascertain whether what was being requested was falling within evidence which can be defined as BEYOND-A-REASONABLE-DOUBT Vs PREPONDERANCE. Thus, the Petitioner was trying to use Rule 26(b) section 1 to determine if the Respondent's request is valid under the scope of a Civil Procedure. If the Respondent's request is going above what is required to prevail, then the Petitioner will object to the request. Under Rule 16(c) Section 1, the Petitioner would demonstrate that the requests by the Respondent would fall under unnecessary proof.

Because the Petitioner does have other sources of income beyond his EBAY endeavors, and personal private matters, which are generally found in an income tax return, the Petitioner objects to this request, unless the Respondent can show specific reasons, beyond simply verifying. The Petitioner does not wish to have his Income Tax Return as a public document viewable by all. The evidence that the

Petitioner will be presenting will support a PERPONDERANCE test.

The Petitioner will provide UPS shipping records, customer files with credit card information, expenses, and his overall relationship with EBAY 14 months prior to the placement of the Libel comments by the Respondent. The Petitioner will then show what the impact was and the 16 months of trying then succeeding to remove the Libel.

The Petitioner predicts the trial will last 2 to 3 days depending on the Court's knowledge of the internet and mens clothing.

**PETITIONER OPTIONS**

1. Allow the case to proceed thus denying the Respondent's MOTION TO DISMISS on the grounds that the Respondent failed to follow the proper Federal Rules of Civil Rules Procedure. The Respondent can at anytime renew his request. Or, the Respondent may have a foundation for Appeal should the case be found in favor of the Petitioner with damages. In this option the Petitioner will keep the complaint as is, the facts of the case remain the same, but

will be suing for **LIABILITY**. Thus, the Petitioner will seek:

**$60,000 Liability** award in that he was denied use and enjoyment of his EBAY account for 16 months but will use 12 months as a benchmark. That, the Respondent knowingly placed a false libel against the Petitioner which caused pain and suffering.

**$125,000 punitive** award on the grounds of aggravated malice within libel. That, the Respondent knowingly placed a false statement and the statement was one that accused the Petitioner of either a crime or carrying out a criminal act or both, against the Respondent. The libel deprived the Petitioner his rights under the 6th Amendment.

**$25,000** Pain, humiliation, embarrassment, and out of pocket expenses related to the libel, that is, being identified as a criminal or carrying out a criminal act or both against the Respondent.

**$4,000** Reasonable and fair court costs.

2. Let the case proceed but carry an "Unspecified" under the caption of **Liability**. Thus, the Petitioner will

present his case.  The Court will then hear both sides and make a determination if libel existed and if damages should be awarded.  The **Punitive, Pain & Suffering**, and **Court costs** will remain the same.

3. The Petitioner can place the 1st Amendment issue, that is of libel, on hold, and proceed with his 6th Amendment rights violation issue.  That, the Respondent knowingly accused the Petitioner of a crime or carrying out a crime or both against the Respondent, violating the Petitioner's rights to due process of law.  The Respondent could have reported a fraud to be investigated or disputed the transaction with his credit card company, but chose not to with no reason provided.

4. The parties may refocus on the possibility of settlement.  Both sides desire to settle but are apart as of this writing.  Judge Fitzsimmons has been very helpful in drawing out communication.  The Petitioner felt very comfortable working with Judge Fitzsimmons.

5.  5. The Court grants the Respondent's motion under rule 41(b) and this case is dismissed.  Under this ruling, the Petitioner will take the dismissal decision and appeal.

The Petitioner and the Respondent will then go before the 2nd Circuit Court of Appeals to argue if the dismissal was valid. If the dismissal is overturned, then the case will return to the District Court and proceed as planned. If the Appellate Court upholds the District Court dismissal, then the Petitioner will re-file a brand new Petition with slight revisions and start over again in the District Court.

The Petitioner would like to continue staying in touch with Judge Fitzsimmons as the possibility of a peaceful settlement can happen at anytime, unless Judge Fitzsimmons objects. The parties are not far apart as of this writing. However, if Judge Fitzsimmons is going to provide legal advice to the Respondent, the Petitioner would also like to enjoy this benefit as well. It was Judge Fitzsimmons who suggested to the Respondent to file a MOTION TO DISMISS FOR NON COMPLY and to use certain language within the MOTION.

The ORDER & RULING which Judge Fitzsimmons delivered upon the Petitioner recently lacked the focus of RULE 26(b) section 1 providing revelance. Judge Fitzsimmons simply stated that following through on the order would help the Petitioner in his case. The Petitioner disagrees and can

show that the requested information falls under RULE 16(C) section 4 unnecessary proof. The Petitioner will argue this point during Pre-Trial to make the point clear.

Therefore, the Petitioner is asking the Court not to grant the Respondent's MOTION TO DISMISS FOR FAILURE TO COMPLY on the grounds that

1. The Respondent did not follow proper procedure over the past 90 days.
2. The information requested is believed to be that which carries a higher level of proof in which the Petitioner is not required under the PERPONDERANCE requirement within Federal Civil Procedure. The Petitioner has reviewed many Federal & State cases and can not find any cases which regular proof through an income tax return in order to prevail. If the Respondent wishes to provide case law to back up his request, the Petitioner will review and reconsider his opposition.

*Richard P. Matthesou*
*Feb 20, 2004*

Mailed postage prepaid this Friday February 20th, 2004 from Hartford, Connecticut:

Clerk of the Court

U.S. District Court

District of Connecticut

Bridgeport, Connecticut

Emile Boyle

8354 Forrester Blvd

Springfield, VA

22152

The Honorable Holly B. Fitzsimmons

Magistrate U.S. District Court

Bridgeport, Connecticut

*Richard P. Malleson*

Feb 20, 2004