```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


DICK MATTLESON,                 :
          Plaintiff             :
                                :
v.                              :   CIV. NO. 3:02 CV 1629 (JCH)
                                :
EMILE BOYLE                     :
          Defendant             :
```

## Report of Status Conference

On February 13, 2004, the court conducted a telephone conference to discuss the status of discovery in this case.

At a settlement conference held on November 13, 2003, the parties agreed to a discovery schedule requiring plaintiff to disclose by December 1, 2003: 1) his 1999, 2000 and 2001 tax returns, and 2) receipts for the transaction at issue in the case.

On January 30, 2004, the defendant informed the court that plaintiff had failed to disclose the documents.  Plaintiff was unavailable to discuss the issue on that date, and his failure to disclose as agreed delayed a scheduled discussion about settlement.

On February 5, 2004, the court issued a second discovery order [doc # 38], directing plaintiff to disclose the tax returns and purchase receipts to the plaintiff by February 11, 2004, and advising him of the potential sanctions for failure to comply.

Plaintiff sent the court a letter regarding the February 5 order [doc. # 39]. Upon the receipt of the letter, the court

issued a supplemental order [doc # 40] advising the plaintiff of the significance of the order.

At the conference call on February 13, 2004, the court inquired about plaintiff's compliance with the discovery orders. Plaintiff informed the court that he is not intending to comply with the orders to disclose the tax returns, notwithstanding his earlier representation that he would do so. Plaintiff also failed to comply with the court's order to disclose the purchase receipts.  He stated that he might change his position if the judge could convince him that the ruling is correct.  The court notes that the plaintiff first raised an objection to disclosure after the entry of the discovery orders.

The undersigned orally advised plaintiff that his failure to comply with the discovery orders could subject him to sanctions, including dismissal of his case.  Plaintiff did not seem concerned about this, commenting that he would simply refile the case.  He was also advised that, should he wish to challenge the order, it was necessary that he do so in compliance with the federal and local rules.  The defendant said that he would file a motion to dismiss for plaintiff's failure to comply with the discovery  order, and was told that further proceedings would occur before Judge Hall.

The parties are notified that **the bench trial set to commence on March 15, 2004 is rescheduled and will commence instead on March 25, 2004, unless Judge Hall orders otherwise.**

The pre-trial conference will be held as scheduled on February 27, 2004.

        FILED at Bridgeport this ____ day of February 2004.

_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE