Dist. of Connecticut (New)
02-cv-1629 (Haven)
Fitzsimmons
Hall

**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 6th day of April, two thousand and five.

PRESENT:
 HON. SONIA SOTOMAYOR,
 HON. REENA RAGGI,
 HON. PETER W. HALL,
  *Circuit Judges.*

-----------------------------------X
RICHARD P. MATTLESON,

 Plaintiff-Appellant,

 -v.-    No. 04-2734-cv

EMILE BOYLE,

 Defendant-Appellee.
-----------------------------------X

APPEARING FOR APPELLANT:  Richard P. Mattleson, *pro se*, Hartford, Connecticut.

FOR APPELLEE:  Emile Boyle, *pro se*, Burke, Virginia.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the District of Connecticut (Hall, J.) is AFFIRMED.

Richard P. Mattleson, *pro se*, appeals from the April 29, 2004 judgment of the United States District Court for the District of Connecticut (Hall, J.), entered pursuant to a bench trial, denying Mattleson's claim that Emile Boyle defamed him by placing "negative feedback" on Mattleson's eBay account, granting Boyle's counterclaims for fraudulent misrepresentation and breach of contract, and awarding Boyle $432.75 in damages. We presume familiarity by the


Issued as Mandate: 5/25/05

parties with the factual and procedural background of this case.

In reviewing a district court's decisions in a bench trial, this Court reviews *de novo* the district court's legal conclusions, see United States v. Coppola, 85 F.3d 1015, 1019 (2d Cir. 1996), and factual findings for clear error, see White v. White Rose Food, 237 F.3d 174, 178 (2d Cir. 2001). This Court "give[s] considerable deference to the district court's credibility assessments and to its determination as to what inferences should be drawn from the evidence in the record." Ezekwo v. N.Y.C. Health & Hosps. Corp., 940 F.2d 775, 780 (2d Cir. 1991).

For the reasons stated in the district court's oral opinion, Mattleson's defamation claim was properly denied and Boyle's counterclaims for fraudulent misrepresentation and breach of contract were properly granted.[1] The district court did not clearly err in crediting Boyle's testimony that the clothing was not of the quality represented by Mattleson and that Boyle returned part of the clothing contained in the second shipment by depositing the clothing with the United States Postal Service for mailing. Moreover, an independent review of the record and relevant case law reveals that the district court correctly determined that Mattleson had not established that Boyle's statement was defamatory, Mattleson fraudulently misrepresented the quality and condition of the clothing purchased by Boyle, and Mattelson breached his agreement with Boyle by sending him non-conforming goods and charging Boyle's credit card prior to Boyle's acceptance of the clothing.

For these reasons, the district court's judgment is AFFIRMED.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *[signature]*

Date: 4-6-05

A TRUE COPY
Roseann B. MacKechnie, CLERK
by *[signature]*
DEPUTY CLERK

---

[1] In this Court, Mattleson contends, *inter alia*, that Boyle's appellate brief is actually a "memo" and argues that "[t]his memo document does not follow the correct procedure for legal briefs to be submitted before the 2nd Circuit Court." Accordingly, Mattleson requests that Boyle's brief "not be considered his legal brief." Guided by the requirement that we liberally construe *pro se* pleadings, see Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996), we reject Mattleson's argument.